UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
and **SCOTT J. REDMAN (in his capacity as Trustee),**

**WISCONSIN PIPE TRADES HEALTH FUND** and
**KEVIN LAMERE (in his capacity as Trustee),**

      **Plaintiffs,**

  v.             Case No. 14-cv-638

**UNI-PUMP, INC.,**

      **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm S.C., by Benjamin J. Roovers, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Uni-Pump, Inc. (hereinafter referred to as "Uni-Pump") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms

and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that Uni-Pump is engaged in business with its principal place of business located in Waukesha County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott J. Redman is a trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, WI 53224.

5. Plaintiff Wisconsin Pipe Trades Health Fund is an employee benefit plan within the meaning of ERISA §§ 3(1), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 11270 West Park Place, Suite 950, Milwaukee, Wisconsin 53224.

6. Plaintiff Kevin LaMere is a trustee and a fiduciary of the Wisconsin Pipe Trades Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. LaMere maintains an office at 3300 South 103rd Street, Milwaukee, Wisconsin 53227.

7. Uni-Pump is a domestic business, engaged in business, with principal offices located at 3070 Helsan Drive, Unit D, Richfield, Wisconsin 53076. Its registered agent for service of process is Steven J. Bennett, 3070 Helsan Drive, Unit D, Richfield, Wisconsin 53076.

## Facts

8. Uni-Pump is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

9. For all times relevant, Uni-Pump was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and Local Union No. 601 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (hereinafter the "Union").

10. The Union represents, for purposes of collective bargaining, certain Uni-Pump employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

-3-

11. The Labor Agreements described herein contain provisions whereby Uni-Pump agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

12. By execution of said Labor Agreements, Uni-Pump adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Uni-Pump has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

d.  to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

e.  to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f.  to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

14. Uni-Pump has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a.  failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Uni-Pump's covered employees; and

b.  failing to accurately report employee work status to the Plaintiffs.

15. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

-5-

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17. On or about October 21, 2013, Uni-Pump entered into a Settlement Agreement and Mutual Release ("Agreement") through which Uni-Pump agreed that the following contributions, interest, and liquidated damages were owed for the audit periods covering January 1, 2011 through September 30, 2011; October 1, 2011 through May 31, 2012; and June 1, 2012 through December 31, 2012:

| | |
|---|---:|
| Building Trades United Pension Trust Fund | $152,598.69 |
| Wisconsin Pipe Trades Health Fund | 88,849.29 |

18. On or about October 21, 2013, Uni-Pump also signed a Confession to Judgment admitting to all amounts claimed by the Funds.

19. The Agreement between Uni-Pump and the Plaintiffs required Uni-Pump to make monthly payments until all contributions and interest were paid in full and to remain current with its ongoing contractual contribution obligations.

20. Uni-Pump has failed to make the monthly payments required under the agreement, and has also failed to stay current with its ongoing contractual contributions.

21. On or around May 16, 2014, the Plaintiffs sent Uni-Pump a letter providing Uni-Pump with notice of its default upon the Agreement.

22. Uni-Pump has failed to cure the default.

23. As a result of Uni-Pump's failure to cure its default, Uni-Pump owes to the Plaintiffs all remaining contributions, interest, and liquidated damages for the audit periods covering January 1, 2011 through September 30, 2011; October 1, 2011 through May 31, 2012; and June 1, 2012 through December 31, 2012.

24. While Uni-Pump has made certain payments pursuant to the Agreement, to the best of Plaintiffs' knowledge, the following is a summary of the delinquent contributions, interest, and liquidated damages that are still owed:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $122,966.33 |
| Wisconsin Pipe Trades Health Fund | 72,681.65 |

25. Despite demand from the Funds' auditor, Uni-Pump has denied the Funds' auditor access to books and records needed to compile an audit for the period January 1, 2013 to the present.

### Claim One - Against Defendant Uni-Pump, Inc.
### Breach of Settlement Agreement

26. As and for a claim for relief against Uni-Pump, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 25 above and incorporate the same as though fully set forth herein word for word.

27. Uni-Pump has defaulted upon its Agreement with the Plaintiffs and has failed to cure said default.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Uni-Pump:

   A. For $195,647.98 representing the outstanding contributions, interest, and liquidated damages owed to the Plaintiffs pursuant to the Agreement between them and Uni-Pump for the audit periods covering January 1, 2011 through September 30, 2011; October 1, 2011 through May 31, 2012; and June 1, 2012 through December 31, 2012;

   B. Actual attorney fees and costs, as set forth in the Agreement between Uni-Pump and the Plaintiffs.

2. For such other, further, or different relief as the Court deems just and proper.

### Claim Two - Against Defendant Uni-Pump, Inc. Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

28. As and for a claim for relief against Defendant Uni-Pump, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 27 above and incorporate the same as though fully set forth herein word for word.

-8-

Case 2:14-cv-00638-CNC   Filed 06/03/14   Page 8 of 10   Document 1

29. Due demand has been made by the Funds upon Uni-Pump for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

30. Because, as the Funds are informed and believe, Uni-Pump has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

31. Because Uni-Pump has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Funds and against Uni-Pump:

    A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period January 1, 2013 through the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order requiring Uni-Pump to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Uni-Pump's accounts receivable. With respect to each account receivable, Uni-Pump shall itemize:

A. The amount of each account receivable.

B. The period of time during which such receivable accrued.

C. The location of the premises upon which the work was performed.

D. The nature of the improvement involved for which the account receivable is due.

E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Uni-Pump to fully submit to an audit of the company's books and records by the Funds' designated representative for the period November 1, 2010 to the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems proper.

Dated this 3rd day of June, 2014.

s/Benjamin J. Roovers
Benjamin J. Roovers (SBN: 1092395)
The Previant Law Firm, S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: bjr@previant.com

Attorney for Plaintiffs

-10-

Case 2:14-cv-00638-CNC   Filed 06/03/14   Page 10 of 10   Document 1